■ ALICE ARNESON, Appellant, v. GENERAL SYNOD OF THE REFORMED CHURCH IN AMERICA et al., Respondents.— Order unanimously affirmed, without costs. Memorandum: All matters arising out of ecclesiastical or spiritual relations in the administration of the affairs of a religious body should be determined by the superior ecclesiastical tribunal. Judges in civil courts cannot be supposed to be as competent in the ecclesiastical law of the various church bodies as the ablest men in each one in reference to their own. It is for this reason that the determination made here by the supreme judicatory of the church is binding on the civil courts of this State, which should not concern themselves with conflicting contentions relating to doctrinal practice or the merits of a claim that discipline be imposed for alleged violations of duties owed to a religious group by any of its members (*Watson* v. *Jones,* 13 Wall. [80 U. S.] 679). Absent fraud, collusion or arbitrariness, secular courts have no jurisdiction unless civil or property rights are involved (*Gonzalez* v. *Archbishop,* 280 U. S. 1; *Rector, Churchwardens & Vestrymen of Church of Holy Trinity* v. *Melish,* 4 A D 2d 256, affd. 3 N Y 2d 476). Moreover, to preserve the integrity of the First Amendment's guarantee of the free exercise of religion, the civil courts are bound by the church's rule in those cases where a temporal property right is affected as an incident of the ecclesiastical decision. (*Presbyterian Church* v. *Hull Church,* 393 U. S. 440; *Kedroff* v. *St. Nicholas Cathedral,* 344 U. S. 94.) The issue which sparked this controversy is an insignificant one and where a very few are, or as here only one member of a church body is, dissatisfied, civil courts are loathe to interfere even were it to be shown that temporal affairs are involved (*Koch* v. *Estes,* 146 Misc. 249, affd. 240 App. Div. 829, affd. 264 N. Y. 480). (Appeal from order of Onondaga Special Term dismissing complaint.) Present — Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.